UNITED STATES of America, Plaintiff,

v.

Armando MAYA–BENTENCOURT, and Pablo Domingo Flores-Luna, aka Pablo De La Madrid, Defendants.

No. CR–LV–81–25, HEC.

United States District Court, D. Nevada.

July 27, 1981.

Armando Maya-Bentencourt and Pablo Domingo Flores-Luna. Pursuant to Local Rule 11(c)(II) and 28 U.S.C. § 636(b)(1)(B), the Motion was referred to the United States Magistrate for the preparation of proposed findings of fact and a recommendation as to the disposition of the Motion. Defendants did not request an evidentiary hearing on their Motion; therefore, the Magistrate's proposed findings and recommendation were based solely upon the Points and Authorities submitted in support of and in opposition to the Motion, as well as all of the papers, pleadings and files contained in the record of this action. After reviewing the above mentioned sources, the Magistrate found the Defendants' arrests, although without benefit of a warrant, were founded upon probable cause. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). The Magistrate further found that the search of the Defendants was valid as pursuant to arrest. *Michigan v. DeFillippo,* 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). Unclear from the Magistrate's findings was the status of certain evidence (27 ounces of cocaine) which was seized from a hotel room other than the one in which the Defendants were arrested. Because of the uncertainties surrounding the admissibility of the seized cocaine, this Court conducted an evidentiary hearing on Defendants' Motion to Suppress.

## DISCUSSION

At the outset, it is important to note that the Court rejects, as totally lacking in merit, Defendants' attack on their arrest and the subsequent search of them. The undercover agents and surveilling officers were possessed with a plethora of information that provided probable cause for the Defendants' arrest. The search of the Defendants was incident to a valid arrest. The only issues which merit any discussion are those which relate to the search of the hotel room which was not occupied by the Defendants at the time of their arrest.

The Defendants were arrested in room 1206. Immediately after the arrest of the Defendants, agents of the Drug Enforce-

Lawrence R. Leavitt, Asst. U. S. Atty., Las Vegas, Nev., for plaintiff.

Frank J. Cremen, Las Vegas, Nev., for defendant Flores-Luna.

John J. Momot, Las Vegas, Nev., for defendant Maya-Bentencourt.

## MEMORANDUM DECISION AND ORDER

CLAIBORNE, Chief Judge.

Before the Court is a Motion to Suppress Evidence, filed on behalf of the Defendants,

ment Administration left room 1206 and went to room 1191 where they recovered approximately twenty-seven (27) ounces of cocaine. The cocaine was packaged in clear plastic bags which in turn had been placed in a green plastic grocery bag which was open at the top. The grocery bag had been placed under a bed in room 1191 and it was from under the bed that the DEA agents recovered the cocaine. Room 1191 was not "searched" in the true sense of the word. When the DEA agents entered room 1191, they already knew the location of the cocaine based upon information they had received from an informant who was present with the Defendants when the cocaine was placed under the bed.

Defendants have advanced two arguments in support of their suppression motion: First, they had an expectation of privacy in room 1191 and the DEA agents should not have entered the room without a search warrant; Second, even if the agents were properly in room 1191, they had no right to search the contents of the green plastic bag without a search warrant. As shall be set forth hereinafter, I am not persuaded by either argument.

Both of the hotel rooms had been rented by the DEA agents and were being used only as a base for the purchase of the cocaine from the Defendants. The Defendants were not occupying the rooms for any purpose other than to deliver the cocaine and receive payment. The Defendants were in the hotel rooms at the invitation of the DEA agents. It was at the insistence of the Defendants that the cocaine was to be delivered in room 1191 and payment to be made in room 1206. After the cocaine was delivered to room 1191 and placed under the bed, the Defendants went to room 1206 to receive payment. When the Defendants arrived at room 1206, they were placed under arrest and the DEA agents went to room 1191 for the purpose of recovering the cocaine the Defendants had delivered.

The Defendants had no legitimate expectation of privacy in room 1191. Defendants knew that the room had been rented by other persons and the Defendants' only purpose in being in the room was to conduct the business at hand. They did not have the right to control access to the room and they certainly could not have excluded the DEA agent who had rented the room. The mere fact that the Defendants had been allowed access to the room did not create a legitimate expectation of privacy. Lacking a legitimate expectation of privacy in room 1191, the Defendants cannot object to the DEA agents' entry into the room. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *United States v. Payner*, 447 U.S. 727, 100 S.Ct. 2439, 65 L.Ed.2d 468 (1980).

Defendants' argument, concerning the search of the plastic bag itself, apparently relies on *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979). Defendants' reliance is misplaced. In *Arkansas v. Sanders*, the defendant was in possession of the searched suitcase. In this action, the Defendants relinquished possession of the bag and the cocaine in it when they left room 1191 and went to room 1206 for payment. Defendants' agreement with the DEA agents provided that delivery of the cocaine was to be made in room 1191 and payment made in room 1206. When the Defendants left room 1191, the cocaine had been delivered into the constructive custody of the DEA agents and the Defendants had no intention of returning for the cocaine. Defendants' only concern was in receiving payment and departing from the hotel. At the time the DEA agents examined the plastic bag, the Defendants had no legitimate expectations of privacy as to the contents of the bag; therefore, there was no violation of Defendants' rights. *Rakas, supra*, 439 U.S. at 140, 99 S.Ct. at 430.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Suppress Evidence, filed March 20, 1981, on behalf of the Defendants, Armando Maya-Bentencourt and Pablo Domingo Flores-Luna, is denied.